**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-1708

_____

ROD JENKINS,

        Plaintiff - Appellant,

v.

VALLEY HEALTH SYSTEM,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Elizabeth K. Dillon, Chief District Judge. (5:23-cv-00053-EKD-JCH)

_____

Submitted:  December 19, 2025                      Decided:  March 31, 2026

_____

Before KING, WYNN, and QUATTLEBAUM, Circuit Judges.

_____

Reversed by unpublished opinion.  Judge Wynn wrote the opinion, in which Judge King and Judge Quattlebaum joined.

_____

**ON BRIEF:** E. Scott Lloyd, LLOYD LAW GROUP, PLLC, Front Royal, Virginia, for Appellant. Kimberly W. Daniel, Jonathan M. Sumrell, HANCOCK, DANIEL & JOHNSON, PC, Glen Allen, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

Under *Barnett v. Inova Health Care Services*, 125 F.4th 465 (4th Cir. 2025), and *Finn v. Humane Society of the United States*, 160 F.4th 92 (4th Cir. 2025), this Court recently clarified that an employee states a plausible failure-to-accommodate claim when he alleges that he informed his employer of a sincerely held religious belief that conflicted with the employer's COVID-19 vaccination requirement.

In this case, Rod Jenkins alleged that he submitted several exemption requests in which he asserted that he held a religious belief, that his employer's requirement was contrary to his religious practice, and that he disagreed with fetal cell therapy.

Because, under *Barnett* and *Finn*, these allegations plausibly establish a religious belief in conflict with the employer's vaccine requirement, we must reverse the district court's dismissal of Jenkins's failure-to-accommodate claim.

I.

A.

On this appeal from an order granting a motion to dismiss, we accept the facts alleged in the complaint as true. *Finn*, 160 F.4th at 96. We also consider Jenkins's exemption request form attached to his employer's motion to dismiss. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016).

Valley Health System employed Jenkins as an emergency-room nurse from 2019 to 2021. In July 2021, amid the COVID-19 pandemic, Valley Health implemented a company-wide vaccine mandate and told employees to submit any medical or religious exemption requests by August 16, 2021.

2

Jenkins initially submitted an affidavit stating the following: "I, Rodney D. Jenkins, the undersigned, do hereby swear and affirm that I am a member of a recognized religious organization, and that the immunizations required by Valley Health are contrary to my religious tenets and practices." J.A. 6.[1]

Valley Health told Jenkins that his affidavit needed to be notarized, so he notarized and re-submitted the same affidavit.

But by that point, Valley Health had implemented an official exemption process, and it asked Jenkins to begin again with the form that it provided. Valley Health's religious exemption request form had two parts: one meant to be filled out by the employee seeking accommodation, and one meant to be completed by a religious leader or other requested individual. Jenkins filled out both portions himself. Three of his responses are relevant to this appeal.

First, Jenkins responded to a prompt that asked the employee to "identify and explain" his religious belief and to "[s]tate whether you are opposed to all immunizations, and if not, the religious basis on which you object to COVID-19 immunizations." J.A. 79. Jenkins wrote, "It is violation of 1st Amendment. It is my right. It is in violation of Nuremberg Act I." J.A. 79.

Second, Jenkins signed a pre-printed statement within the form: "I certify that it is a tenet or practice of my church, religious organization or religious beliefs not to receive the COVID-19 vaccination." J.A. 81.

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

Third, Jenkins responded to a prompt that asked a religious leader or other individual to "provide any verification as to why this employee should receive an exemption based on sincerely held religious beliefs." J.A. 81. Jenkins wrote: "I am not opposed to vaccines. It is not approved. It is causing more harm than good. I do not agree in [sic] fetal cells therapy." J.A. 81.

Valley Health denied Jenkins's accommodation request, without explanation, on August 18, 2021. In November, Jenkins sent another letter requesting accommodation. There, he wrote the following: "I truly believe it's in violation of my Inalienable Rights, in violation of the 10 points to the Nuremberg Code, in violation of Code of Ethics and I fear the shot will cause personal harm." J.A. 24. In response, Valley Health reiterated that Jenkins was not approved for an exemption and that he must be vaccinated by December 11, 2021. When he did not comply by that deadline, Valley Health fired him.

B.

Jenkins then filed this lawsuit against Valley Health, alleging failure-to-accommodate and retaliation claims under Title VII. The district court granted Valley Health's motion to dismiss for failure to state a claim.

The court concluded that Jenkins had failed to state a failure-to-accommodate claim because he "did not provide information concerning the religious nature of his own belief or how his objection to the COVID-19 vaccine is connected to such beliefs." *Jenkins v. Valley Health Sys.*, No. 5:23-cv-53, 2024 WL 3236418, at *5 (W.D. Va. June 28, 2024). The court reasoned that although Jenkins had stated political and medical opinions, he "failed to link his lack of belief in fetal cell therapy to his religion, let alone explain his

4

religious beliefs or how such beliefs result in his objection to fetal cell therapy." *Id.* And the court rejected any additional explanation of Jenkins's beliefs in the complaint, concluding that it could only evaluate the sufficiency of Jenkins's request as it was made to Valley Health.[2] *Id.* at *4–5.

Jenkins timely appealed.

## II.

We review de novo a district court's grant of a motion to dismiss, accepting the complaint's factual allegations as true and construing them in the light most favorable to the plaintiff. *Finn*, 160 F.4th at 97. "To survive a motion to dismiss, a complaint must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). "But a complaint need not allege specific facts to establish a prima facie case" of religious discrimination under Title VII. *Id.* (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002) (explaining that the prima facie case is "an evidentiary standard, not a pleading requirement")).

## III.

Under Title VII, an employer cannot "discharge any individual, or otherwise . . . discriminate against any individual . . . because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of failure to accommodate under Title VII, a plaintiff must prove "(1) he or she has a bona fide religious belief that conflicts

---

[2] The court also dismissed Jenkins's retaliation claim, concluding that he had not pleaded oppositional activity. But Jenkins appeals only the dismissal of his failure-to-accommodate claim, so we do not address his retaliation claim.

5

with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement." *E.E.O.C. v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 312 (4th Cir. 2008) (quoting *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996)).

The first and second elements may, at times, overlap. We have explained, in the context of opposition to a COVID-19 vaccination requirement, that to adequately plead a belief that is "religious in nature," a plaintiff must plead a belief that is (1) an "essential part of a religious faith" and (2) "plausibly connected with [a] refusal to receive the COVID-19 vaccine." *Finn*, 160 F.4th at 98 (quoting *Barnett*, 125 F.4th at 471). To trigger the employer's duty to accommodate, an employee must then notify the employer of this belief. *Chalmers*, 101 F.3d at 1019; *see also Finn*, 160 F.4th at 98 (quoting *Dachman v. Shalala*, 9 F. App'x 186, 192 (4th Cir. 2001) ("While an employer has a duty to accommodate an employee's *religious* beliefs, [it] does not have a duty to accommodate an employee's preferences.")). Thus, an employee whose request does not articulate a belief that is religious in nature also will have failed to inform the employer of a belief that triggers a duty to accommodate.

This interconnected analysis is apparent in the district court's analysis of Jenkins's claim. First, the district court explained that it would determine whether Jenkins had requested a religious accommodation based on the information available to Valley Health at the time of his request, rather than by considering the more expansive explanation of Jenkins's beliefs in his complaint. *Jenkins*, 2024 WL 3236418, at *4. Second, the court concluded that Jenkins had "merely informed Valley Health that he refused the vaccine

6

because of his *medical* and *political* judgments regarding the safety of the vaccine, *not* his religious convictions[.]" *Id.*

At the time of his request, Jenkins had generally identified that he was requesting a religious accommodation, but the district court concluded that Jenkins failed to adequately "provide information concerning the religious nature of his own belief or how his objection to the COVID-19 vaccine is connected to such beliefs." *Id.* at \*5. Though it noted Jenkins's statement about his disagreement with fetal cell therapy, the court explained that Jenkins had not linked that disagreement to his religion. *Id.* This lack of explanation meant, according to the district court, that Jenkins had not "adequately informed Valley Health of his religious beliefs." *Id.*

We agree that, in order to evaluate whether Jenkins has sufficiently alleged that he informed his employer of a religious belief that conflicted with the COVID-19 vaccination requirement, we must consider what Jenkins told Valley Health in his various requests. In doing so, we apply our recently clarified standard as articulated in *Barnett* and *Finn*.

A.

To plead a claim for failure to accommodate a religious objection to a COVID-19 vaccination requirement, an employee's belief must be (1) an "essential part of a religious faith" and (2) "plausibly connected with [a] refusal to receive the COVID-19 vaccine."[3] *Finn*, 160 F.4th at 98.

---

[3] The belief also must be "sincerely held." *Finn*, 160 F.4th at 98. That issue was not considered by the district court, and we re-emphasize that an inquiry into sincerity is "almost exclusively a credibility assessment" that "can rarely be determined on summary judgment, let alone a motion to dismiss." *Barnett*, 125 F.4th at 470 (quotation omitted).

7

"Under the first requirement, a person must plead that their beliefs are grounded in religious, rather than secular reasons (medical, personal, etc.)." *Id.* "But we give great weight to a person's assertion that their 'belief is an essential part of a religious faith.'" *Id.* (quoting *Barnett*, 125 F.4th at 471).

"The second requirement demands slightly more—a link between the identified religious belief and the person's refusal to get vaccinated." *Id.* Thus, the refusal to vaccinate cannot be "solely because of health or safety concerns." *Id.* Instead, a plaintiff must "plausibly connect" the refusal to their religious beliefs. *Id.* (cleaned up).

### B.

Understanding that framework, we turn to Jenkins's accommodation requests.

Jenkins clearly meets the first requirement. First, he attested that he was "a member of a recognized religious organization, and that the immunizations required by Valley Health are contrary to [his] religious tenets and practices." J.A. 6. Second, he signed a pre-printed statement in Valley Health's form, stating, "I certify that it is a tenet or practice of my church, religious organization or religious beliefs not to receive the COVID-19 vaccination." J.A. 81. At the pleading stage, those statements are enough to show that Jenkins's belief was "an essential part of a religious faith that must be given great weight." *Finn*, 160 F.4th at 98 (quoting *Barnett*, 125 F.4th at 471).

Drawing reasonable inferences in Jenkins's favor, as we must, he also meets the second requirement. Jenkins plausibly connected his vaccine refusal to his religious belief by writing, "I do not agree in fetal cells therapy." J.A. 81. An objection to the use of vaccines that are believed to be tested on or created using aborted fetal cells is a common

8

religious objection to the COVID-19 vaccine. *See, e.g.*, *Finn*, 160 F.4th at 98 (reviewing an objection based on a refusal to "inject a product containing fetal cells or derived from testing involving fetal cells"); *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 901 (8th Cir. 2024) (reviewing objections based on production or testing of the vaccine with fetal cell lines). Because Jenkins voiced a common religious objection to vaccination within a document that identified itself as a religious accommodation request, Jenkins's allegations are sufficient at this stage of litigation.

To be sure, Jenkins also included other statements that did not plausibly connect his vaccine refusal to a religious belief. He stated that the mandate was a "violation of [the] 1st Amendment," a "violation of [the] Nuremberg Act," and that it was "causing more harm than good." J.A. 79, 81. But an employee "may object to an employer's vaccine mandate on both religious and non-religious grounds[.]" *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024); *see Callahan v. Woods*, 658 F.2d 679, 684 (9th Cir. 1981) ("[A] coincidence of religious and secular claims in no way extinguishes the weight appropriately accorded the religious one.").

## IV.

Because Jenkins plausibly alleged that his refusal to be vaccinated derived from an aspect of his religious belief, the district court's judgment is reversed.

*REVERSED*